# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>TARGET CORPORATION & TARGET BRANDS, INC.<br><br>**Defendants.** | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Team Worldwide Corporation ("TWW") brings this action under the patent laws of the United States, Title 35 of the United State Code, and makes the following allegations against Target Corporation and Target Brands, Inc. (collectively "Target" or "Defendants"):

## THE PARTIES

1. Plaintiff TWW is a Taiwanese corporation having a principal place of business at 9F., No. 24, Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

2. Defendant, Target Corporation is a Minnesota company with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.  Upon information and belief, Target Corporation may be served with process through its registered agent CT Corporation System, 1010 Dale St N. St Paul, MN 55117–5603.

3. Defendant, Target Brands, Inc. is a Minnesota company and subsidiary of Target Corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis,

Minnesota 55403.  Upon information and belief, Target Brands, Inc. may be served with process through its registered agent CT Corporation System, 1010 Dale St N. St Paul, MN 55117–5603.

4.  Target is a retailer that sells and offers to sell consumer goods through physical stores, and/or the online retail website, https://www.target.com.

## JURISDICTION AND VENUE

5.  This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*

6.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.  This Court has personal jurisdiction over Target because it, directly or through subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district, including regularly conducting business from the Target store located at 3092 N. Eastman Rd., Longview, Texas 75605 and the website www.target.com.  Further, on information and belief there are at least 95 (ninety-five) Target retail stores within the state of Texas, including a number within this judicial district.[1] TWW's cause of action arises directly from Target's business contacts and other activities in the State of Texas and this judicial district, including at a minimum, selling or offering to sell infringing products and committing patent infringement in the State of Texas and this judicial district.  Target has committed acts of infringement and has a regular and established place of business in this district. Additionally, Target (directly and/or through a distribution network)

---

[1]  https://www.target.com/store-locator/find-stores/marshall,tx - last visited March 13, 2019; https://www.google.com/maps/search/target+in+texas/@29.6638528,-102.9383217,7z/data=!3m1!4b1 last visited March 13, 2019

regularly places infringing products into the stream of commerce with the knowledge and/or understanding that the infringing products will be sold in the State of Texas and in this judicial district.

8. Under the United States Government's country of origin marking rule, 19 CFR §134.11, all or substantially all of the Infringing Products (as defined below) are marked with China as the country of origin. On information and belief, all or substantially all of the Infringing Products are manufactured in multiple unknown locations by multiple unknown entities in China.

9. This Court has general jurisdiction over Target due to its continuous and systematic contacts with the State of Texas and this jurisdiction. Further, Target is subject to this Court's jurisdiction because it has committed acts of patent infringement and has a regular and established place of business in the State of Texas and this jurisdiction.

10. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Target has transacted business in this judicial district and/or committed acts of patent infringement in this judicial district.

## BACKGROUND

11. Founded in 1977, TWW is an innovative designer and manufacturer of inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds." TWW's air bed products are sold under multiple brands in the United States including Air Cloud$_{TM}$, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ Bed$_{TM}$, Frontgate®, Grandin Road®, Improvements®, Insta Bed$_{TM}$, Ivation, Kelty®, Lazery Sleep$_{TM}$, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel® ("TWW Products").

12. TWW has been developing air bed technology for many years and, as a result of its ingenuity and inventions, is the owner of numerous patents related to air beds. Among such patented inventions are air beds that have electric inflation/deflation devices or "pumps" that are

built into the air beds so that the air beds do not require an external means, such as a separate compression pump or similar device, to inflate the air bed.

13. Specifically, TWW owns the following U.S. Patents asserted in this case: U.S. Pat. No. 7,246,394 (the "'394 Patent"), U.S. Pat. No. 7,346,950 (the "'950 Patent"), and U.S. Pat. No. 9,211,018 (the "'018 Patent", collectively the "Asserted Patents").

14. The Asserted Patents are currently subject to the following proceedings at the United States Patent Office: IPR2018-00859; IPR2018-00875; IPR2018-00874, IPR2018-00873, IPR2018-00872, IPR2018-00871, IPR2018-00870 (collectively "IPRs").  Plaintiff will agree to extend Defendants' answer dates and agree to stipulate to a stay of this lawsuit until the Patent Trial and Appeal Board issues final decisions for or dismisses the IPRs.

15. This Court has already entered a claim construction order regarding the Asserted Patents in the prior lawsuit, *Team Worldwide Corporation v. Wal-Mart Stores, Inc., et al.*, 2-17-cv-00235, Dkt 153 (March 15, 2018), Ex. E. In the prior lawsuit, based on this Court's claim construction, Walmart, Intex, and Bestway admitted that the accused products infringed. Ex. D.  The parties to the prior lawsuit reached settlement at the pretrial conference. Ex. F.

16. TWW manufactures and sells air bed products that practice the Asserted Patents throughout the United States and in this judicial district, including selling such products to Defendants for resale to consumers.  In compliance with 35 U.S.C. § 287, TWW marks and requires the marking of its products covered by the Asserted Patents with the appropriate and corresponding patent numbers.

17. Target imports, has imported, sells, has sold, has offered for sale and/or offers for sale in the United States, airbed products that are not manufactured or licensed by TWW that infringe the Asserted Patents ("Infringing Products").

18. The Asserted Patents are infringed and have been infringed in the statutory damages period by air beds that feature an internally housed pump. Examples of products that infringe the Asserted Patents include, but are not limited to, Intex® brand air mattresses (including those with pump model number AP619A), Aerobed®, Bestway® and Coleman®, and Airbedz®, among others.

19. Target imported, imports, sells, offers for sale, has sold and/or has offered for sale the Infringing Products within the United States, and specifically within this judicial district.

20. Target has voluntarily and purposely placed the Infringing Products into the stream of commerce with the expectation that they would be offered for sale and sold in Texas and in this judicial district.

## COUNT I
### (Infringement of the '018 Patent)

21. TWW repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint as if fully set forth herein.

22. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '018 Patent, entitled "Inflatable Airbed Provided with Electric Pump Having Pump Body Recessed into the Inflatable Airbed," on December 15, 2015.  A true and correct copy of the '018 Patent is attached as Exhibit A.

23. Each and every claim of the '018 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

24. TWW is the assignee of all rights, title, and interest in and to the '018 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

25. TWW has marked and/or required the marking of covered TWW Products with the '018 Patent since on or about December 2015.

26. The claims of the '018 Patent cover, *inter alia*, inflatable products, such as air beds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.

27. Target has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1, 7, 11, 12, 13 and 14, of the '018 Patent by importing, selling and/or offering to sell the Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

28. By way of example, Target sells and has sold Infringing Products under at least the Intex®, Aerobed®, and Coleman® names that infringe at least claims 1, 7, 11, 12, 13, and 14 of the '018 Patent because they are inflatable products, including airbeds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.

29. For example, Target offers this infringing airbed for sale online at https://www.target.com/p/intex-queen-raised-air-bed-foam-top-mattress-with-build-in-air-pump-64467e/-/A-76019717 (last visited March 13, 2019).





30. Target sells and has sold Infringing Products that the manufacturer and/or supplier has judicially admitted infringe claims of the '018 and '394 Patents. Ex. D.

31. Target is able to sell and has sold Infringing Products at a higher price than non-infringing products, reaping enhanced economic benefits from their infringement of the '018 Patent.

32. Target's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '018 Patent.

33. As a result of Target's infringement of the '018 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Target the damages TWW sustained as a result of Target's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

34. TWW has suffered damage because of the infringing activities of Target, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Target's infringing activities are preliminarily and permanently enjoined by this Court.

35. Target has had actual notice of the '018 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '018 Patent and knew of its infringement, including by way of this lawsuit.

36. Target was also in position to have actual notice of the '018 Patent before the filing of this Complaint by way of any TWW products marked with the '018 Patent that Target imported, imports, sells, offers to sell, sold, and/or offered to sell.

37. On information and belief, Target was further in a position to have actual notice of the '018 Patent before the filing of this Complaint at least because its competitor, Walmart, and at least one of Target's suppliers admitted infringement:

> 6. The accused products from Intex, Bestway, and Boyd infringe asserted claims 1, 7, 11, 12, 13, and 14 of the '018 Patent; asserted claims 1, 2, 3, 4, 5, 7, 8, 10, and 12 of the '394 Patent.

Ex. D.

38. Target's infringement of the '018 Patent was, is, and continues to be deliberate and willful because Target was and is aware of the '018 Patent yet continues to infringe the '018 Patent; therefore, the infringement is willful and deliberate because Target has been aware of the '018 Patent since at least the filing of this Complaint.

## COUNT II
(Infringement of the '950 Patent)

39. TWW repeats and re-alleges the allegations contained in paragraphs 1-38 of this Complaint as if fully set forth herein.

40. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '950 Patent, entitled "Inflatable Product Provided with Electric Air Pump," on March 25, 2008. A true and correct copy of the '950 Patent is attached as Exhibit B.

41. Each and every claim of the '950 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

42. TWW is the assignee of all rights, title, and interest in and to the '950 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

43. TWW has marked and/or required the marking of covered TWW Products with the '950 Patent since at least January 1, 2011.

44. The claims of the '950 Patent cover, *inter alia*, inflatable products, such as air beds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor

9

disposed in the interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.

45. Target has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1, 7, 11, 13, and 14, of the '950 Patent by importing, selling and/or offering to sell Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

46. By way of example, Target sells and has sold Infringing Products under at least the Intex®, Aerobed®, and Coleman® names that infringe at least claims 1, 7, 11, 13, and 14 of the '950 Patent because they are inflatable products, including airbeds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor disposed in the interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.

47. For example, Target offers this infringing airbed for sale online at https://www.target.com/p/intex-queen-raised-air-bed-foam-top-mattress-with-build-in-air-pump-64467e/-/A-76019717 (last visited March 13, 2019).





48. Target is able to sell and has sold Infringing Products at a higher price than non-infringing products, reaping enhanced economic benefits from their infringement of the '950 Patent.

49. Target's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '950 Patent.

50. As a result of the Target's infringement of the '950 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Target the damages TWW

sustained as a result of Target's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

51. TWW has suffered damage because of the infringing activities of Target, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Target's infringing activities are preliminarily and permanently enjoined by this Court.

52. Target has had actual notice of the '950 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '950 Patent and knew of its infringement, including by way of this lawsuit.

53. Target was also in position to have actual notice of the '950 Patent before the filing of this Complaint by way of any TWW products marked with the '950 Patent that Target imported, imports, sells, offers to sell, sold, and/or offered to sell.

54. On information and belief, Target was further in a position to have actual notice of the '950 Patent before the filing of this Complaint at least because Target's suppliers' products were previously accused of infringing the '950 Patent in other litigation.

55. Target's infringement of the '950 Patent was, is, and continues to be deliberate and willful because Target was and is aware of the '950 Patent yet continues to infringe the '950 Patent; therefore, the infringement is willful and deliberate because Target has been aware of the '950 Patent since at least the filing of this Complaint.

## COUNT III
(Infringement of the '394 Patent)

56. TWW repeats and re-alleges the allegations contained in paragraphs 1-55 of this Complaint as if fully set forth herein.

57. The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '394 Patent, entitled "Inflatable Product with Built-In Housing and Switching Pipe," on July 24, 2007.  A true and correct copy of the '394 Patent is attached as Exhibit C.

58. Each and every claim of the '394 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

59. TWW is the assignee of all rights, title, and interest in and to the '394 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

60. TWW has marked and/or required the marking of covered TWW Products with the '394 Patent since at least January 1, 2011.

61. The claims of the '394 Patent cover, *inter alia*, inflatable products, such as air beds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.

62. Target has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1-3 and 7-12, and 16 of the '394 Patent by importing, selling and/or offering to sell Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

63. By way of example, Target sells and has sold Infringing Products under at least the Intex® and Coleman® names that infringe at least claims 1-3, 7-12, and 16 of the '394 Patent because

they are inflatable products, including airbeds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.

64. For example, Target offers this infringing airbed for sale online at https://www.target.com/p/intex-queen-raised-air-bed-foam-top-mattress-with-build-in-air-pump-64467e/-/A-76019717 (last visited March 13, 2019).





65. Target sells and has sold Infringing Products that the manufacturer and/or supplier has judicially admitted infringe claims of the '018 and '394 Patents. Ex. D.

66. Target is able to sell and have sold Infringing Products at a higher price than non-infringing products, reaping enhanced economic benefits from their infringement of the '394 Patent.

67. Target's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '394 Patent.

15

68. As a result of Target's infringement of the '394 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Target, the damages TWW sustained as a result of Target's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

69. TWW has suffered damage because of the infringing activities of Target, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Target's infringing activities are preliminarily and permanently enjoined by this Court.

70. Target has had actual notice of the '394 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '394 Patent and knew of its infringement, including by way of this lawsuit.

71. Target was also in position to have actual notice of the '394 Patent before the filing of this Complaint by way of any TWW products marked with the '394 Patent that Target imported, imports, sells, offers to sell, sold, and/or offered to sell.

72. On information and belief, Target was further in a position to have actual notice of the '394 Patent before the filing of this Complaint because its competitor, Walmart, and at least one of Target's suppliers admitted infringement of the '018 and '394 Patents:

> 6. The accused products from Intex, Bestway, and Boyd infringe asserted claims 1, 7, 11, 12, 13, and 14 of the '018 Patent; asserted claims 1, 2, 3, 4, 5, 7, 8, 10, and 12 of the '394 Patent.

Ex. D.

73. Target's infringement of the '394 Patent was, is, and continues to be deliberate and willful because Target was and is aware of the '394 Patent yet continues to infringe the '394 Patent; therefore, the infringement is willful and deliberate because Target has been aware of the '394 Patent since at least the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TWW respectfully requests that this Court enter:

A. A judgment in favor of TWW that the Defendants have and are infringing the Asserted Patents;

B. A permanent injunction enjoining the Defendants from infringing the Asserted Patents or such other equitable relief the Court determines is warranted in this case;

C. A judgment and order requiring the Defendants to pay to TWW its damages, including enhanced damages if applicable, costs, expenses, prejudgment and post-judgment interest, and attorney's fees, if applicable, for the Defendants' infringement of the Asserted Patents as provided under 35 U.S.C. § 284 and/or § 285, and an accounting of ongoing post-judgment infringement; and

D. Any and all other relief, at law or in equity that this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TWW hereby demands a trial by jury of all issues so triable.

Dated:  March 21, 2019                              Respectfully submitted,

                                                    By: */s/ Korula T. Cherian*

Robert Ruyak
Corrine Saylor Davis
Ronald Wielkopolski
RuyakCherian LLP
1700 K St. NW, Suite 810
Washington, DC 20006
Telephone: (202) 838-1560
robertr@ruyakcherian.com
corrinesd@ruyakcherian.com
ronw@ruyakcherian.com

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com


Attorneys for Plaintiff
Team Worldwide Corporation